**Marty KLEIN, Plaintiff,**

v.

**MAVERICK TUBE CORP., et al., Defendants.**

**No. 91 Civ. 2771 (RO).**

United States District Court, S.D. New York.

Nov. 25, 1991.

■

Wechsler Skirnick Harwood Halebian & Feffer (Stuart Wechsler, of counsel), New York City, for plaintiff.

Bragar & Wexler, P.C. (Raymond A. Brager, of counsel), New York City, for defendants.

### ENDORSED MEMORANDUM

OWEN, District Judge:

Plaintiff Marty Klein, on behalf of a class of stockholders, sued Maverick Tube Corporation and certain of its individual officers and its underwriters for alleged violations of §§ 11 and 12(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k and 771(2). Plaintiff class consists of those who purchased shares of common stock of the company between March 19, 1991 and April 15, 1991. Klein contends that Maverick's registration statement and prospectus issued on March 19, 1991 contained material misstatements of facts and omissions concerning the financial health of the company and that plaintiffs sustained damages as a result of their reliance on such information.

Maverick is a manufacturer of tubular products used in the energy industry in oil drilling production and surface transportation applications. Maverick became a publicly-held company in March 1991; at that time Maverick duly filed the appropriate registration statements with the SEC. Maverick's prospectus clearly states that demand for its products is affected primarily by oil and gas drilling activity, and by oil and gas prices. In the "Investment Considerations" section of the prospectus, Maverick explicitly states that beginning in 1982, a decline in oil and natural gas prices led to a general reduction in domestic exploration and production activities which caused drilling activity to remain at an historically low level through the time of the issuance of the prospectus. Furthermore, the prospectus notes that substantial uncertainty existed at the time of its issuance as to the future level and volatility of domestic oil and natural gas prices, particularly given the events in the Middle East and their uncertain impact on the oil market. The cease-fire in the Gulf War occurred on February 27; any decrease in demand for Maverick's products immediately thereafter could easily have been perceived as a temporary phenomenon resulting from the political instabilities.

Maverick moves to dismiss Klein's complaint for failure to state a claim.[1] Because I find that Maverick adequately disclosed the volatility of the situation in its prospectus, and because I find that the global circumstances in March 1991, and particularly the first two-and-one-half weeks of the month, made any fluctuations in the oil business and in the demand for Maverick's products impossible to perceive and attribute to any continuing cycle or longer-term trend, I grant Maverick's motion to dismiss.

---

1. Maverick originally moved, as an alternative to dismissal, for transfer to the Eastern District of Missouri. This alternative part of the motion was withdrawn on November 19, 1991.

The complaint fails to adequately allege any misrepresentation or omission, much less the material omission or false statement that the Securities Act requires. Rather, the complaint incorrectly accuses Maverick of stating in its prospectus that domestic drilling activity was increasing. Klein's complaint essentially alleges that because Maverick announced lower earnings on April 15, 1991, it should have disclosed these results one month earlier in its prospectus. Although Klein never specifies a date in March on which Maverick's alleged decline in orders began, even assuming *arguendo* that the decline began March 1, as stated above, I find no cause of action. Maverick made no misleading allegations in its prospectus concerning the future earnings of the company, and fairly and accurately disclosed the risks of investing in the oil industry.

Defendant's motion to dismiss is granted with prejudice; plaintiff has asserted no facts in either his papers or his oral argument that he reasonably could expect to uncover in discovery to support an amended complaint.

So ordered.